[No. 23285. Department Two. March 8, 1932.]

JOSEPH A. ALBRECHT, *Respondent and Cross-appellant,* v. CHESTER T. BELLINGER, *as Executor, Appellant.*[1]

*Chester E. Nilsson* and *William A. Gilmore,* for appellant.

*Lyons & Orton,* for respondent and cross-appellant.

BEALS, J.—During the autumn of 1924, defendant's testator, Jack Gale, was the owner of two placer claims located in the Nome mining district, Alaska. One H. S. Chester proposed to promote the exploitation of the claims, and, under date November 19, 1924, the two men executed a contract concerning the property, in which Mr. Chester agreed, *inter alia,* to advance money for the purpose of procuring an interest in the property owned by Mr. J. A. Mueller. On December 19th following, Messrs. Gale and Chester entered into a further agreement in writing, the third paragraph of which reads as follows:

[1]Reported in 8 P. (2d) 983.

"It is further agreed between the parties hereto that if the party of the second part advances to party of the first part the full sum of five thousand dollars, on or before the first day of June, 1925, party of the first part shall give to the party of the second part an undivided one-tenth interest in said mining property above described, but if the party of the second part does not advance said amount to the party of the first part, party of the first part agrees to repay to party of the second part on or before the first day of June, 1925, all money heretofore and hereafter advanced to him."

In the course of the proceedings, Mr. Chester advanced to Mr. Gale something over three thousand dollars in cash, and raised twenty-five thousand dollars for the development of the claims. During the spring of 1925, a corporation was organized to take over and develop the property. In the minutes of the first meeting of the directors of the corporation, Messrs. Gale and Chester, a majority of the board, being present, a resolution was unanimously adopted, in which it was recited that:

"WHEREAS, H. S. Chester has expended the sum of $3,000 in behalf of this corporation by advancing it from time to time to the said Jack Gale, and the money so advanced has been used in a large part in doing necessary assessment work on the said mining claims and otherwise in perfecting the title to the said mining claims, and

"WHEREAS, the said H. S. Chester has certain promissory note or notes of the said Jack Gale for such sum, and

"WHEREAS, the said H. S. Chester has offered to accept from the corporation preferred stock of a par value of $3,000 as and for full payment of all claims against it for the money so advanced and has agreed, if that offer be accepted, to endorse, assign and transfer to this corporation the said promissory note or notes,

"Now THEREFORE, BE IT RESOLVED, that the proper

officers of the corporation be and they are hereby authorized upon the delivery of the said promissory note or notes by the said H. S. Chester, properly endorsed to this corporation, to issue him thirty-two shares of the preferred stock of this corporation of a par value of $3,000 in full payment of any claim against the corporation by the said H. S. Chester for moneys so advanced."

The minutes of this meeting were signed by Jack Gale, president, and H. S. Chester, secretary.

This action was instituted upon the three thousand dollar note referred to in the minutes, which had been by the payee, H. S. Chester, assigned to Gale-Chester Mining Corporation, and by that assignee transferred to the plaintiff in this action. Mr. Gale died during the month of November, 1929, leaving a will, which was thereafter by the superior court of the state of Washington for King county admitted to probate, letters testamentary thereon issuing to Chester A. Bellinger. The executor rejected the claim based upon the note, which plaintiff filed against the estate, whereupon this action was instituted.

Defendant in his answer admitted the execution of the note by Mr. Gale, but denied that there was any sum due thereon, and, by way of four affirmative defenses, pleaded, first, the execution of the two agreements above referred to by Messrs. Gale and Chester; that, pursuant thereto,

" . . . H. S. Chester advanced to said Jack Gale the sum of $3,000 for the purpose of acquiring the interest of said Mueller in said placer mining claims and in perfecting title to the said mining property;"

that the note in suit was executed by Mr. Gale in reliance upon oral promises and agreements of Mr. Chester to the effect that the note was executed

" . . . solely for the purpose of evidencing the amount of money that the said H. S. Chester had

furnished to the said Jack Gale for the purpose of perfecting the titles to said mining lands as described in said written agreements, A and B, so that the said H. S. Chester could charge said amount as an expense against the funds of $25,000 in his possession as secretary and treasurer of said Gale-Chester Mining Corporation;''

and that Mr. Chester had thereafter refused to continue with the developing of the mining property, and that no obligation existed on the note sued upon.

In the second and third affirmative defenses, it was alleged that the corporation was indebted to Mr. Gale for salary in a sum exceeding the amount due upon the note. By the fourth defense, it was pleaded that the note was without consideration.

Plaintiff having denied the affirmative allegations contained in defendant's answer, the action was tried to the court sitting without a jury, findings of fact being entered in plaintiff's favor, save that the court allowed defendant a credit on the note in the sum of nine hundred dollars on account of salary, which the court found was due to Mr. Gale from the corporation. From judgment in accordance with the findings of fact and conclusions of law, defendant appeals, contending that the trial court erred in granting judgment in plaintiff's favor in any amount; and plaintiff cross-appeals from the ruling of the court allowing defendant a nine hundred dollar credit on account of salary. The parties will be referred to as plaintiff and defendant, respectively.

It clearly appears that Mr. Chester advanced to Mr. Gale three thousand dollars, or a little more, in cash, which was used in perfecting the title to the mining property and in other necessary disbursements in connection therewith. It is not contended that plaintiff is a holder of the note in due course, or that defenses

which would be good against the corporation cannot be urged against him as its assignee.

Defendant contends that there was no consideration for the note, that the same was only conditionally delivered, and that consequently Mr. Gale's estate is not liable thereon. Defendant introduced testimony to the effect that the note was executed solely for the purpose of enabling Mr. Chester to exhibit the same to his financial backers in the state of New York, as evidence that he had advanced to Mr. Gale money equaling the amount named in the note, and that it was the agreement of the parties that the note represented no liability whatever on the part of Mr. Gale. The agreements between the parties above referred to evidently contemplated that Mr. Chester would advance money to Mr. Gale, and, if the amount of such advances should not equal five thousand dollars, provided for the repayment to Mr. Chester of the sum advanced.

The trial court sustained plaintiff's motion to strike some of the testimony introduced by defendant, holding that the same was incompetent and immaterial. The testimony stricken is in the record, and, in determining the questions here presented, we have disregarded the order of the trial court striking the same.

The minutes of the meeting of the directors of the corporation above quoted, signed by Mr. Gale, refer to the note here in suit, and to the contemplated assignment thereof to the corporation. Under date August 13, 1926, Mr. Gale, in answer to a letter written on behalf of the corporation demanding payment of the note, stated:

"In your letter I note you state that my note for $3,000, dated June 2nd, 1925, with interest at 6%, was due on June 2nd, 1926, and that the interest, therefore, will be $180.

"In reply wish to state that you no doubt know that the corporation still owes me two years' salary, ac-

cording to the corporation's agreement, which amounts to about $5,000. Also there is due me $200 for assessment work for the year 1926. In addition, the corporation has tied my ground up so I cannot interest anyone.

"In order to clear up the situation, I would suggest that the corporation deduct the $3,000 from the two years' salary due me, and forward to me at the above address the balance due me. This will make a final clean-up of the whole situation."

It is most significant that, in this letter, Mr. Gale did not contend that the note was without consideration, or that it did not represent an actual liability on his part. It clearly appears that his contention was that the note should be offset against his claim against the corporation for earned salary.

For the purposes of this opinion, we assume, without deciding, that the defense of what defendant called "conditional delivery" is, under the law, available to him and applicable to the situation presented by plaintiff's case. It appears from the testimony introduced by defendant that Mr. Gale strenuously objected to giving Mr. Chester the note sued upon, and that the amount thereof was reduced from thirty-two hundred to three thousand dollars. This testimony clearly indicates that the matter of the execution of the note was thoroughly discussed, and that the same was executed by Mr. Gale after careful consideration.

An examination of the record convinces us that the findings of the trial court to the effect that the note sued upon constitutes a valid obligation are supported by the preponderance of the testimony.

In support of its cross-appeal, plaintiff contends that, as the basis of the allowance by the trial court of the claim for salary which defendant contends was earned by his testator is a resolution of the trustees of the corporation, passed at a meeting at which

only Messrs. Gale and Chester were present, the resolution assigning to each of them a salary, such action is void because the trustees may not vote themselves salaries to be paid by the corporation which they represent.

In the case of *Tefft v. Schaefer,* 136 Wash. 302, 239 Pac. 837, 1119, this court held that the action of trustees of a corporation in fixing salaries to be paid to themselves is, generally speaking, voidable and subject to attack at the instance of the corporation, or of a non-consenting stockholder. The court said, however:

"The trustees were empowered to fix the salaries, and, therefore, the act being within their powers, it was, according to the weight of authority, merely voidable and not void. 4 Fletcher Cyc. Corporations, pp. 3378-3396."

The action of Messrs. Gale and Chester in voting themselves salaries being voidable only and not void, we conclude that the trial court did not err in allowing Mr. Gale's estate a credit on the note on account of earned salary in the sum of nine hundred dollars.

Finding no error in the record, the judgment is affirmed on both appeals.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.